# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| **THERESA SMALL SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     **Civil Action No. 07-02217 (PLF)** |
| | ) |
| **HOLLY H. SHIMIZU,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

---

### FEDERAL DEFENDANTS' MOTION TO DISMISS[1]

Federal Defendants, Holly H. Shimizu, Director, U.S. Botanical Gardens, and Smithsonian Institution[2], through counsel, the United States Attorney for the District of Columbia, respectfully move to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

.

---

[1] This Motion to Dismiss is also an Opposition to Plaintiff's Motion for Investigation Under the Patrick Law. (Dkt. 4). Plaintiff has asked for an investigation under the Patrick Law into the government status of the Federal Defendants. Dkt. 4 at pp. 1-2. Plaintiff maintains that the Defendants are not Federal Defendants. Id. This allegation is factually baseless. Accordingly, the Complaint and Plaintiff's Motion for Investigation are frivolous for the reasons enumerated in the attached Memorandum of Points and Authorities.

[2] The Complaint also names Elizabeth Smyth as a Defendant and lists her address as "Smithsonian Institute, 1100 Jefferson Drive, S.W., Washington, DC 20560. The Smithsonian Institution has conducted an extensive search of its employee databases and has not located any employee named Elizabeth Smyth. Therefore, this Motion assumes that Federal Defendants consist of Holly H. Shimizu, Executive Director, U.S. Botanical Gardens, and Smithsonian Institution. In the event that an individual named Elizabeth Smyth is located and it is determined that she is the named defendant, Federal Defendants ask for leave to supplement this memorandum.

In support of this motion, Federal Defendants respectfully refer the Court to the accompanying memorandum of points and authorities.

Dated: February 22, 2008

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, DC Bar #489610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____/s/_____
ALEXANDER D. SHOAIBI, DC Bar #423587
Assistant United States Attorney
Judiciary Center Building – Civil Division
555 Fourth Street, N.W. -- Room E-4218
Washington, D.C. 20530
(202) 514-7236

 Counsel for Federal Defendants

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THERESA SMALL SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 07-02217 (PLF)** |
| ) | |
| **HOLLY H. SHIMIZU,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## FEDERAL DEFENDANTS' MEMORANDUM OF POINTS
## AND AUTHORITIES IN SUPPORT OF
## <u>THEIR MOTION TO DISMISS</u>

Federal Defendants, through counsel, the United States Attorney for the District of Columbia, respectfully submit the following memorandum of points and authorities in support of Federal Defendants' motion to dismiss.  Plaintiff's claims are wholly lacking in merit and should be dismissed.

## I. <u>BACKGROUND</u>

Plaintiff *pro se*, Theresa Small Smith, sues Federal Defendants for theft of her identity, malicious disfigurement, malicious interference, separation of family and assets, and conspiracy. Complaint ¶ 1.  Plaintiff asserts that she and her "children and relatives[sic] children" are the heirs to the property presently occupied by the U.S. Botanical Gardens and the Smithsonian Institution (respective Washington, D.C. addresses, 350 1st Street SW and 1100 Jefferson Drive S.W.). Plaintiff's Motion for Civil Damages and/or Vacate Property Order, Statement of Facts ("SOF") ¶¶ 3, 4, 6.  She alleges that Federal Defendants have conspired to impoverish her family and are illegally occupying her family's residential property.  Id. ¶¶ 1, 2.  Plaintiff claims that since 2001,

Federal Defendants have stolen her identity. Id. at ¶ 6. She alleges that her family members are "international entrepreneurs" and Federal Defendants are "using information to close down businesses, embezzle assets, etc. forcing Plaintiff and family members into poverty and separating families." Id. at ¶ 7.

In sum, Plaintiff alleges that her civil and constitutional rights have been violated due to the alleged taking of real and personal property which she believes rightfully belongs to herself and her family. Therefore, the Complaint clearly implicates civil claims under the Federal Tort Claims Act. SOF at ¶¶ 1, 3, 4,6, & 7. Plaintiff seeks damages in the amount of three billion dollars ($3,000,000,000.00) or in the alternative, an order that the Federal Defendants vacate the property. Complaint ¶ 1.

Plaintiff has previously filed at least two similar suits against Federal Defendants in this Court: (1) Smith v. Gurvey, et al., Civil Action No. 06-2001 (UNA) (hereinafter "Gurvey") and (2) Smith v. Smyth, et al., Civil Action No. 07-01090 (UNA) (hereinafter "Smyth"). See Pacer, 06-2001 (UNA) and Pacer, 07-01090 (UNA). This Court dismissed the Complaints with prejudice in each of these cases as frivolous. See Pacer Docket Entries 3 & 4 (for Civil Action No. 06-2001 (UNA)) and Pacer Docket Entries 3 & 4 (for Civil Action No. 07-01090 (UNA)). Plaintiff appealed both of these cases to the U.S. Court of Appeals for the District of Columbia Circuit, which affirmed this Court. See Exhibit 3, Order, Court of Appeals No. 07-5002 (for Civil Action No. 06-02001 (UNA)) and Exhibit 4, Mandate, Court of Appeals No. 07-5259 (for Civil Action No. 07-01090 (UNA)). In Smith v. Gurvey et al., the Court of Appeals stated "The complaint contains factual allegations that are so implausible as to be 'fantastic or delusional.'" Exhibit 3. Similarly, in Smith v. Smyth et al., the Court of Appeals likewise noted that this Court properly dismissed the action as

2

frivolous and noted that a claim is frivolous if the facts alleged are "clearly baseless."  Exhibit 4.

## II.    STANDARD OF REVIEW

Federal Defendants move for dismissal under Rule 12(b)(1), as the Court lacks jurisdiction over certain of Plaintiff's claims.  "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, 154 F. Supp.2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2003), cert. denied, 125 S.Ct. 35 (Oct. 4, 2004).  Factual allegations "must be enough to raise a right to relief above the speculative level," and a plaintiff must make "a 'showing,' rather than a blanket assertion, of entitlement to relief.'" Bell Atlantic Corp. v. Twombly, --- U.S. --- , 127 S. Ct. 1955, 1964-65 (2007).  In addition, "[on] a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence."  Thompson, 120 F. Supp.2d at 81.

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." Twombly, 127 S. Ct. at 1974 (clarifying the standard from Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also In re Sealed Case, 494 F.3d 139, 145 (D.C. Cir. 2007) (citing Twombly).  Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support plaintiff's claims for relief.

The court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. <u>Barr v. Clinton</u>, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing <u>Kowal v. MCI Commc'ns Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint. <u>Kowal</u>, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." <u>Id.</u>

In <u>Erickson v. Pardus</u>, --- U.S. ---, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007), the Supreme Court noted the long established admonition that *pro se* complaints are "liberally construed," but it bears noting that its reversal of the dismissal of the complaint at issue was fully consistent with the <u>Twombly</u> standard because the complaint included factual allegations describing the prison's termination of plaintiff's treatment for hepatitis. <u>See id.</u> at 2200. Even under a liberal construction, therefore, it does not suffice for a complaint to rely on conclusory allegations or to raise only a "suspicion" of wrongdoing, <u>Twombly</u>, 127 S. Ct. at 1965. The complaint must give notice of the factual basis for the relief sought.

## III.    ARGUMENT

**A.    The Complaint is Defective and Should be Dismissed.**

**1.    The Complaint Fails to Satisfy Fundamental Pleading Requirements and Should be Dismissed.**

The Complaint, genuinely fails to give Federal Defendants fair notice of just what conduct is subjected to suit. Plaintiff makes a number of conclusory allegations, with very few, if any,

supporting factual allegations.  Indeed, as previously noted, the Complaint apparently fails to name

an employee of Federal Defendant Smithsonian Institution.  In many instances, the case law cited

by the Plaintiff is not linked to any specific allegations or facts.  In the final analysis, Federal

Defendants are left to speculate as to just what claims Plaintiff is intending to advance.

Under the Federal Rules of Civil Procedure, the principal function of the Complaint is to give

the defendant fair notice of the claims asserted so that the defendant can make an adequate response,

either by answer or dispositive motion.  Rule 8(a) of the Federal Rules of Civil Procedure requires

that a complaint filed in the federal court contain "a short and plain statement of the claim showing

that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  "The purpose of the rule is to give fair

notice of the claim being asserted so as to permit the adverse party the opportunity to file a

responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata*

is applicable."  Brown v. Califfano, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal

Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217).  "Beyond this, the rule

serves to sharpen the issues to be litigated . . .."  Brown, 75 F.R.D. at 498 (dismissing *pro se*

plaintiff's complaint because it failed reasonably to inform the adverse party of the cause of action).

The Complaint filed by Plaintiff lacks the necessary clarity and specificity to permit Federal

Defendants to comprehend the nature of the claims Plaintiff is asserting.  The Complaint sets forth

primarily conclusory allegations, followed by extraordinary claims for relief (three billion dollars

in damages and an order to vacate federally owned property).  Plaintiff's Complaint is so vague and

ambiguous with respect to which specific events underlie her claims that it fails to satisfy the

minimal pleading requirements, even for a *pro se* litigant and should be dismissed. See Brown, 75

F.R.D. at 498-499.  See also Turner v. F.B.I., 2005 WL 3201444 (D.D.C. Oct 31, 2005) (Civ. Act.

No. 04-1491(RMU)).

> **2.      The Complaint Represents the Latest of a Number of Successive Frivolous Suits Filed by Plaintiff in Federal Courts and Should be Dismissed With Prejudice.**

To the extent that the Complaint can be comprehended, it appears to seek to advance criminal

violations as civil actions.  Such claims are clearly frivolous.  It is well-established that a civil

litigant may not, in the main, use criminal violations as a basis for advancing civil causes of action.

The Court's description of the Complaint in Brown is certainly an apt description of the Complaint

in this case:

> The pleading filed by the plaintiff in this case is indeed a confused and rambling
> narrative of charges and conclusions concerning numerous persons, organizations
> and agencies. The complaint contains an untidy assortment of claims that are neither
> plainly nor concisely stated, nor meaningfully distinguished from bold conclusions,
> sharp harangues and personal comments. Nor has plaintiff alleged with even modest
> particularity the dates and places of the transactions of which he complains. It
> belabors the obvious to conclude that the complaint filed in this action falls far short
> of the admittedly liberal standard set in F.R.Civ.P. 8(a).

Brown, 75 F.R.D. at 499.  As noted above, Plaintiff has previously filed two similar suits in this

district, both of which were dismissed with prejudice and affirmed on appeal.  Dkt. 4 (06-2001

(UNA)) and Dkt. 4 (07-01090 (UNA)); Court of Appeals Orders affirming orders in 06-2001 (UNA)

and 07-1090 (UNA).  Accordingly,  the instant suit should likewise be dismissed with prejudice.

See Brown v. Califfano, 75 F.R.D. at 499, citing Hutter v. Schraml, 51 F.R.D. 519, 522

(E.D.Wisc.1970) ("where, as here, the [P]laintiff has shown that he is no stranger to the courts,

having filed [several] previous lawsuits akin to this one, dismissal with prejudice is not

inappropriate.").

3.    **Plaintiff's General Allegations of Conspiracy Are Insufficient to Support Actionable Claims**.

Plaintiff's general and conclusory allegations of a "conspiracy" are insufficient to support actionable claims.  As stated by the Court in In re Orthopedic Bone Screw Products Liability Litigation, 193 F.3d 781 (3rd Cir.1999),

> The established rule is that a cause of action for civil conspiracy requires a separate underlying tort as a predicate for liability.  Thus, one cannot sue a group of defendants for conspiring to engage in conduct that would not be actionable against an individual defendant.  Instead, ' "actionable civil conspiracy must be based on an existing independent wrong or tort that would constitute a valid cause of action if committed by one actor." ' Posner v. Essex Ins. Co., 178 F.3d 1209, 1218 (11th Cir.1999) (quoting Williams Elec. Co. v. Honeywell, Inc., 772 F.Supp. 1225, 1239 (N.D.Fla.1991)) (applying Florida law); accord Applied Equip. Corp. v. Litton Saudi Arabia Ltd., [869 P.2d 454, 457] ([Cal.] 1994) ('Standing alone, a conspiracy does no harm and engenders no tort liability.  It must be activated by the commission of an actual tort.'); Stoldt v. City of Toronto, [678 P.2d 153, 161] ([Kan.] 1984) ('Conspiracy is not actionable without commission of some wrong giving rise to a cause of action independent of the conspiracy.'); Alleco, Inc. v. Harry & Jeanette Weinberg Found., Inc.,[665 A.2d 1038, 1045] ([Md.]1995) ('No action in tort lies for conspiracy to do something unless the acts actually done, if done by one person, would constitute a tort.') (citation omitted); Alexander & Alexander of N.Y., Inc. v. Fritzen, [503 N.E.2d 102, 102-03] ([N.Y.]1986) ('[A] mere conspiracy to commit a tort is never of itself a cause of action.  Allegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort.') (citations omitted).

In re Orthopedic Bone Screw Products Liability Litigation, 193 F.3d at 789.  See also, Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402, 408 (8th Cir. 1999) ("Though a bare criminal statute does not necessarily preclude an implied private right of action, there should 'at least [be] a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.' "), citing Cort v. Ash, 422 U.S. 66, 79 (1975);[3] Risley v. Hawk, 918 F.Supp. 18, 21 (D.D.C. 1996)

---

[3]  See also Thompson v. Thompson, 484 U.S. 174, 179 (1988) (holding that a private remedy will not be implied unless legislative intent can be inferred from statutory language or elsewhere); Touche Ross & Co. v. Redington, 442 U.S. 560 (1979).

7

(certain criminal statutes did not create private right of action).  Accordingly, such allegations are no basis for Plaintiff's suit to survive dismissal.

**B.      The Complaint is Frivolous and Should be Dismissed.**

The Court should dismiss this factually baseless Complaint.  On November 9, 2007, the Superior Court for the District of Columbia granted Plaintiff's Motion to Proceed Informa Pauperis. See Exhibit 1, Docket, Superior Court for the District of Columbia, Theresa S. Smith v. Holly H. Shimizu, *et al*., Case No. 2007 CA 007512 R (RP).  This case was removed to Federal Court.  Pacer Dkt. 1.  The court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915 (e)(2)(B).  A trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  Claims describing fantastic or delusional scenarios are clearly baseless.  See Neitzke, 490 U.S. at 328.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.  An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely."  Denton, 504 U.S. at 33.

The Complaint is factually frivolous.  It is filled with incoherent, unsupported allegations which are both irrational and wholly incredible.  The Complaint is a string of "delusional scenarios."  Accordingly, this Court should dismiss the case as frivolous.

**C.    Plaintiff's Official Capacity Suit is Not Actionable and Should Be Dismissed.**

**1.    To the Extent Plaintiff Seeks Relief from Federal Defendants in an Official Capacity, Such Claims Must Be Dismissed Pursuant to the FTCA.**

The Federal Tort Claims Act is the exclusive remedy to obtain money damages arising from the negligent or wrongful act of any federal employee acting within the scope of his or her employment. See 28 U.S.C. § 2679(b)(1). However, where the Attorney General or his designee certifies that an individual defendant was acting within the scope of his or her federal employment at the time of the incident in question, the federal employee is granted immunity and the United States is substituted as the proper defendant. See 28 U.S.C. § 2679(d)(1); Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988) ("an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction"). In the instant case, Federal Defendants' management of the property at issue and requests for government funds regarding this property (SOF at ¶ 8) were clearly actions within the scope of the Federal Defendants' employment. The Chief of the Civil Division for the Office of the United States Attorney for the District of Columbia, a designee of the Attorney General, has certified this fact as to Ms. Shimizu. See Certification (attached as Exhibit 2).

Accordingly, Federal Defendant Shimizu should be afforded immunity for actions taken as a federal official that are the subject of the Complaint, and the official-capacity civil action must be deemed to be one against the United States under the FTCA. See 28 U.S.C. § 2679(d)(1). Likewise, since a FTCA claim against a federal agency must be dismissed for want of jurisdiction, the action against the Smithsonian Institution must be deemed to be one against the United States. Id.; Galvin,

9

860 F.2d at 183. Once the United States is substituted, all claims against it must be dismissed because, as discussed below, there has been no waiver of sovereign immunity for such claims.

### 2.    No Statutory Consent to Suit Authorizes this Action.

Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of the statutory waiver of such immunity. Cox v. Secretary of Labor, 739 F. Supp. 29, 30 (D.D.C. 1990); see also, United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953-54 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985). Congressional consent to suit in this Court, a waiver of the government's traditional immunity, must be explicit and is strictly construed. Library of Congress v. Shaw, 478 U.S. 310, 318 (1986); United States v. Mitchell, 445 U.S. at 538; Fidelity Construction Co. v. United States, 700 F.2d 1379, 1383 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983). A waiver of sovereign immunity, therefore, cannot be implied, but must be expressed "unequivocally" by Congress. Testan, 424 U.S. at 399, 96 S.Ct. 953-54; United States v. King, 395 U.S. 1, 4 (1969). Thus, absent clear congressional consent to entertain a claim against the United States, the District Court lacks authority to grant relief. Testan, 424 U.S. at 399, 96 S.Ct. 953-54; United States v. Sherwood, 312 U.S. 584, 586 (1941).

Plaintiff's claim of identity theft is exempted from the FTCA's limited waiver of sovereign immunity. According to 28 U.S.C. § 2680(h), the FTCA's limited waiver of sovereign immunity does not apply to violations arising from slander, libel or deceit. 28 U.S.C. § 2680(h). Plaintiff's allegations of identity theft and misuse of information arise from deceit and are therefore  barred under 28 U.S.C. § 2680(h). See Clemmons v. U.S. Dept. of Justice, No. 06-00305 (RCL), 2007 WL

1020796, at *6 (D.D.C. March 30, 2007) (holding that plaintiff's "claims for identity theft, misuse of information or other claims arising from deceit" are barred under 28 U.S.C. § 2680(h)).

### 3.    Plaintiff's Claims Are Barred Because She Failed to Exhaust Her Administrative Remedies.

Moreover, to the extent that any of Plaintiff's claims fall outside the exemptions to the FTCA, all of her claims under the FTCA are barred because she failed to exhaust her administrative remedies. Plaintiff never filed an administrative claim as is required under the FTCA before proceeding to judicial review.  28 U.S.C. § 2675(a).  The administrative claim is a jurisdictional requirement and therefore not filing an administrative claim is grounds for dismissal pursuant to Rule 12(b)(1).  Clemmons, 2007 WL 1020796, at *6 (citing McNeill v. United States, 508 U.S. 106, 111-13 (1993)).  Because the court lacks subject matter jurisdiction over Plaintiff's tort claims under the FTCA, these claims should be  dismissed pursuant to Rule 12(b)(1).

### 4.    Plaintiff's FTCA Claims Should Be Barred by the Doctrine of *Res Judicata*.

 This Complaint should be dismissed under the doctrine of *res judicata*.  The Supreme Court has noted, "[*Res judicata*] is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination.  Its enforcement is essential to the maintenance of social order." Southern Pac. R.R. Co. v. United States, 168 U.S. 1, 49 (1897). Similarly, this Court has stated:

> [T]here must some time be an end to litigation, not only in the interest of the adverse party who should not be vexed twice or thrice or even more times for the same cause, but also in the interest of the state in settled law and legal relations and that of courts and litigants in an orderly judicial process....

Westgate-Sun Harbor Co. v. Watson, 206 F.2d 458, 462 (D.C. Cir. 1953).

11

When a court of competent jurisdiction has already entered a final judgment on the merits of a cause of action, the parties to that suit are bound "not only as to things which were determined but as to all matters which might have been determined as well." Tutt v. Doby, 459 F.2d 1195, 1197, (D.C. Cir. 1972); see also, Lawlor v. National Screen Service Corp., 349 U.S. 322, 326 (1955); Federated Dept. Stores v. Moitie, 452 U.S. 394 (1981). Under this rule of *res judicata* or "claim preclusion," a subsequent suit will be barred if there has been prior litigation: (1) involving the same claim or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction. See Blonder-Tongue Lab., Inc. v. Univ. of Ill. Foundation, 402 U.S. 313, 323-24 (1971); see also, I.A.M. Natl. Pension Fund, Benefit Plan A v. Indus. Gear Mfg. Co., 723 F.2d 944, 946-947, 950 (D.C. Cir.1983) (hereinafter "I.A.M. Natl. Pension Fund"); Semler v. Psychiatric Institute of Washington, D.C., 575 F.2d 922, 927 (D.C. Cir.1978) ("Where the final judgment is rendered in favor of defendant, plaintiff is barred from suing defendant on the same cause of action.").

*Res judicata* forecloses a cause of action that is based on the same "nucleus of facts," Page v. United States, 729 F.2d 818, 820 (D.C. Cir. 1984), and which comprises "any part of the transaction, or series of connected transactions, out of which [a prior] action arose." Stanton v. District of Columbia Court of Appeals, 127 F.3d 72, 78 (D.C. Cir. 1997) (internal citations omitted). To determine whether or not two suits involve the same cause of action, this Circuit has adopted the "transactional" approach. Id. A claim, or cause of action, consists of "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Id. In assessing whether facts constitute a "transaction" or "series of transactions" the court must consider "whether the facts are related in

12

time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Id.

Here, a prior suit filed by Plaintiff in 2006 and the case at bar arise from the same underlying series of transactions – the U.S. Botanic Garden and the Smithsonian Institution conspired with others to deprive Plaintiff and her family of their property. Compare Pacer Dkt.1, 06-02001 (UNA), Complaint ¶¶ 1, 2 (alleging that she is a victim of identity theft and that her family is "relatives and heirs to the Smithsonian Institute/Smith Castle founded in 1500 at 1100 Jefferson Drive") with the case at bar (07-2217 (PLF)) SOF ¶ 6 ("Plaintiff was subjected to Identity Theft by defendants + [sic] associates since 2001.  All records contained on said property would prove that Plaintiff is the true heir to property in the Complaint + [sic] that Plaintiff's children and relatives children are also heirs.").  In all of these suits, Plaintiff identifies Federal Defendants or their privies as the primary actors in a conspiracy against her and her family.  See Pacer Dkt. 1, 06-02001 (UNA), Complaint Caption (naming Holly H. Shimizu and various officers of the Smithsonian Institution as defendants).  Plaintiff seeks essentially the same remedies in both suits- exorbitant monetary damages.  See Pacer Dkt. 1, 06-02001 (UNA), Complaint ¶ 13 (seeking $2.3 trillion dollars in damages) and Pacer Dkt. 1, Complaint (seeking $3 billion in damages).

The common "nucleus of facts" in all of Plaintiff's complaints is that Federal Defendants (through their various agents) stole her identity and confiscated the personal property of herself and her family.  Although the phraseology and emphasis differs in each complaint, Appellant still seeks the same remedies: compensation for confiscated property.  See Compl. (seeking three billion dollars); Complaint, 06-2001 (seeking $2.3 trillion dollars).   Importantly, a plaintiff's characterization of the pleadings is not controlling.  See Apotex, Inc. v. FDA, 393 F.3d 210, 217-218

(D.C. Cir.2004) (raising new legal theory based on previously litigated facts is barred); <u>Page v. United States</u>, 729 F.2d 818, 820 (D.C. Cir. 1984) (for *res judicata* purposes, a claim is based on "the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies").[4]  Instead, the focus is on the true nature of the relief sought as it relates to the underlying claim.  <u>See Page</u>, 729 F.2d at 820.  Accordingly, because Plaintiff sought the same relief and alleged the same tort –identity theft– all suits arose from the same "transaction."  <u>See Stanton</u>, 127 F.3d at 78 (discussing "claims" and "transactions").  It is apparent from the face of each complaint that Plaintiff and the Federal Defendants, Holly H. Shimizu and the Smithsonian Institution, were parties to the previous action.

The final two elements of the *res judicata* analysis are whether there has been a final judgment on the merits by a court of competent jurisdiction.  <u>See Blonder-Tongue Lab., Inc. v. Univ. of Ill. Foundation</u>, 402 U.S. at 323-24; <u>see also</u>, <u>I.A.M. Natl. Pension Fund</u>, 723 F.2d at 946-947, 950.  A finding that a suit is frivolous typically results from a substantive evaluation of the nature of the claims advanced, which should be binding on the litigant.  <u>See Brown v. Califfano</u>, 75 F.R.D. at 499.  Because this Court had previously dismissed with prejudice Plaintiff's Complaint encompassing the same claims and involving the same parties (and was affirmed on appeal), Plaintiff's latest complaint should be deemed to be barred by *res judicata.*

---

[3]  <u>See also</u>, <u>National Committee for New River, Inc. v. Federal Energy Regulatory Com'n</u>, 433 F.3d 830, 833 (D.C. Cir. 2005).

**D.    Plaintiff's Individual Capacity Suit is Defective and Should be Dismissed.**

**1.    Plaintiff has failed to effect proper service of Federal Defendant Shimizu, requiring dismissal of this suit pursuant to Fed. R. Civ. P. 12(b)(2), (4) and (5).**

Although Federal Defendants probably have little basis to challenge Plaintiff's method of service for purposes of her official capacity suit against Ms. Shimizu, Plaintiff clearly has failed to effect proper service for purposes of her individual capacity suit against Ms. Shimizu. Neither the docket of this Court nor the docket of the Superior Court of the District of Columbia from which this case was removed show any evidence that Federal Defendants were served. In fact, the Superior Court docket shows that the November 29, 2007 hearing was continued because there was "NO SERVICE ON DEFENDANT." See Exhibit 1, Superior Court Docket. The Court lacks personal jurisdiction over Federal Defendants due to the absence of proper service of process.[5] It is well-established that in an action against a federal employee in that employee's individual capacity, the Plaintiff must serve the defendant with process in accordance with rules applicable to individual defendants. See Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997); Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978); Navy, Marshall & Gordon v. U.S. International Development-Corporation Agency, 557 F. Supp. 484, 489 (D.D.C. 1983); Delgado v. Bureau of Prisons, 727 F. Supp. 24 (D.D.C. 1989).

Fed. R. Civ. P. 4 requires that a copy of the summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of

---

[5] The Court of Appeals has held that *pro se* litigants should be given an opportunity to cure defects in service before their complaints are dismissed on that ground. See Moore v. Agency for Int'l Development, 994 F.2d 874 (D.C. Cir. 1993). However, because of the numerous reasons for dismissal asserted herein, which are clearly fatal to Plaintiff's causes of action, affording Plaintiff more time to effect proper service would be futile.

abode with some person of suitable age and discretion" who resides there. Service on the Attorney General of the United States and the United States Attorney for the district in which the action is brought, pursuant to the rules applicable to official capacity suits, "does not obviate the requirement of personal service . . . where the action is in substance against a federal official in his individual capacity." Lawrence, 79 F.R.D. at 670; Delgado, 727 F. Supp. at 27.

Where, as here, Plaintiff seeks relief against a federal official in that official's individual capacity, the Court must acquire personal jurisdiction in order to enter a binding judgment, Ali v. District of Columbia, 278 F.3d 1, 7 (D.C. Cir. 2002); Reuber v. United States, 750 F.2d 1039, 1049 (D.C. Cir. 1984), overruled on other grounds by Kauffman v. Anglo-American School of Sofia, 28 F.3d 1223 (D.C. Cir. 1994); Griffith v. Nixon, 518 F.2d 1195 (2d Cir.), cert. denied, 423 U.S. 995 (1975), and the general rule is that a plaintiff has the burden of establishing personal jurisdiction. Reuber, supra at 1052. Because the record in this action does not establish proper personal service upon Federal Defendant Shimizu in her individual capacity, see id., any claim against her in her individual capacity is subject to dismissal.

## 2. Federal Defendant Shimizu Enjoys Qualified Immunity Against Individual Capacity Liability.

The basis of Plaintiff's claims against Federal Defendant Shimizu in her individual capacity is unclear. The Complaint is generally devoid of any specific acts perpetrated by either Ms. Shimizu or Smithsonian Institution. Plaintiff merely alleges a broad conspiracy which caused her and her family to be deprived of their real estate and other assets. The Supreme Court has stated in Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982), that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

known." Id., citing Procunier v. Navarette, 434 U.S. 555, 565, 98 S.Ct. 855, 861 (1978); Wood v. Strickland, 420 U.S.308, 322 (1975); accord, Wilson v. Layne, 526 U.S. 603, 609 (1999); Crawford-El v. Britton, 523 U.S. 574, 587-88 (1998).  "'[C]learly established' for purposes of qualified immunity means that '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Id. at 615, quoting Anderson, 483 U.S. at 640.  Even accepting the allegations of the Complaint in a light most favorable to the Plaintiff, the alleged actions of Federal Defendant Shimizu (administering to the affairs of the property at issue) occurred in the context of her position as Executive Director of the U.S. Botanic Garden.  Plaintiff cannot establish that any of these actions represent clear constitutional violations.  It cannot be established that Shimizu had any knowledge or any reason to know of Plaintiff or her family's interests in the property at issue.  Because Plaintiff cannot maintain that Federal Defendant Shimizu violated any of Plaintiff's clearly established rights, Ms. Shimizu should enjoy qualified immunity, subjecting Plaintiff's claims to dismissal[6].

---

[6] Moreover, because plaintiff's allegations are essentially claims of fraud, she must plead them with particularity.  See Fed.R.Civ.P. 9(b).  Consequently, plaintiff's failure to raise specific allegations against Ms. Shimizu is fatal to her claim

### III.  **CONCLUSION**

WHEREFORE, for each of the independent reasons set forth above, Federal Defendants submit that this motion to dismiss should be granted.

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
ALEXANDER D. SHOAIBI, DC Bar # #423587
Assistant United States Attorney
Judiciary Center Building – Civil Division
555 Fourth Street, N.W. - Room E-4218
Washington, D.C. 20530
(202) 514-7236
Counsel for Federal Defendants

18

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Federal Defendants' Motion to Dismiss

and Memorandum of Points and Authorities in support thereof has been made by mailing copies

thereof to:

**Theresa Small Smith**
**425 2nd Street, N.W.**
**Washington, DC 20001**

**Prudence Fraser,**
**City Capitol Brewery**
**2 Massachusetts Avenue, N.E.**
**Washington, DC 20212**

on this 22nd day of February, 2008.

_____/s/_____
ALEXANDER D. SHOAIBI, DC Bar # 423587
Assistant United States Attorney
Judiciary Center Building – Civil Division
555 Fourth Street, N.W. -- Room E-4218
Washington, D.C. 20530

| 2007 CA 007512 R(RP) SMITH, THERESA S Vs. SHIMIZU, HOLLY H |
|---|

| **File Date** 11/09/2007 | **Case Status** Open | **Case Status Date** 11/09/2007 |
|---|---|---|
| | **Case Disposition** Undisposed | **Case Disposition Date** |

## Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| SMITH, THERESA S | | PLAINTIFF | PRO SE | |
| SHIMIZU, HOLLY H | | Defendant | | |
| SMYTH, ELIZABETH | | Defendant | | |
| FRASER, PRUDENCE | | Defendant | | |

## Case Schedule

| Date | Start Time | Event Type | Result |
|---|---|---|---|
| 02/22/2008 | 09:00 AM | Scheduling Conference Hearing | |

## Docket Entries

| Date | Text |
|---|---|
| 02/19/2008 | Order Denying Motion Requesting an Investigation Under the Patrick Law Entered on the Docket 2/19/08. Signed by Judge Ross on 2/15/08. Copies mailed from chambers on 2/19/08. (KR) |
| 02/15/2008 | Additional eFiling Document to notice of filing notice of removal of a civil action filed submitted. 02/15/2008 12:07. plt. Attorney: SHOAIBI, Mr ALEXANDER D (423587) |
| 02/15/2008 | Notice of Filing Notice of Removal of a Civil Action filed . submitted. 02/15/2008 12:07. plt. Attorney: SHOAIBI, Mr ALEXANDER D (423587) |
| 02/15/2008 | Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 02/15/2008 at 9:00 am has been resulted as follows: Result: Scheduling Conference Hearing Continued. Court smart. Plaintiff's present. Preliminary matters discussed. Case cont'd to 2/22/08@9:00am for further SS hrg. (CB)Judge: ROSS, MAURICE Location: Courtroom 415 THERESA SMALL SMITH (PLAINTIFF); ; Judge MAURICE ROSS |
| 02/15/2008 | Event Scheduled Event: Scheduling Conference Hearing Date: 02/22/2008 Time: 9:00 am Judge: ROSS, MAURICE Location: Courtroom 415 |
| 02/15/2008 | Notice of Hearing Mailed Next Business Day Notice Of Hearing Sent on: 02/15/2008 12:14:53 |
| 02/06/2008 | Motion Requesting Investigation Under the Patrick Law of 2006 Filed Attorney: PRO SE (999999) THERESA SMALL SMITH (PLAINTIFF); |
| 01/18/2008 | Order for: Deny Preliminary Injunction entered on: 1/3/08 Mailed to: Elizabeth Smyth, 1000 Jefferson Drive, WDC 20560 Returned to Court on: 1/18/08 (KR) Reason: RTS |
| 01/03/2008 | Order Denying Motion for Preliminary Injunction Entered on the Docket 1/3/08. Signed by Judge Ross on 1/2/08. Copies mailed to parties from chambers on 1/3/08. (KR) |
| 12/10/2007 | Event Resulted: The following event: Hearing on Temporary Restraining Order scheduled for 12/10/2007 at 10:30 am has been resulted as follows: Result: Temporary Restraining Order Hearing Held Judge: ABRECHT, MARY ELLEN Location: Judge In Chambers, Room 4220 court informed that a motion has been filed in US District Court to remove the pending matter from Superior Court Matter to be closed upon receipt of the filed Motion by the defendants Alex Shoaibi, Esq; THERESA SMALL SMITH (PLAINTIFF); ; Judge MARY ELLEN ABRECHT on behalf of Judge MAURICE ROSS |

GOVERNMENT EXHIBIT

| | |
|---|---|
| 11/29/2007 | Event Scheduled Event: Hearing on Temporary Restraining Order Date: 12/10/2007 Time: 10:30 am Judge: JUDGE, CHAMBERS Location: Judge In Chambers, Room 4220 |
| 11/29/2007 | Event Resulted: The following event: Hearing on Temporary Restraining Order scheduled for 11/29/2007 at 10:30 am has been resulted as follows: Result: Motion Hearing Continued - 12/10/07 @ 1030AM NO SERVICE ON THE DEFENDANT Judge: GREENE, HENRY F Location: Judge In Chambers, Room 4220 |
| 11/19/2007 | Event Scheduled Event: Hearing on Temporary Restraining Order Date: 11/29/2007 Time: 10:30 am Judge: JUDGE, CHAMBERS Location: Judge In Chambers, Room 4220 |
| 11/19/2007 | Event Resulted: The following event: Hearing on Temporary Restraining Order scheduled for 11/19/2007 at 2:30 pm has been resulted as follows: Result: Motion Hearing Continued - 11/29/07 @ 1030am Judge: ABRECHT, MARY ELLEN Location: Judge In Chambers, Room 4220 |
| 11/13/2007 | Event Scheduled Event: Hearing on Temporary Restraining Order Date: 11/19/2007 Time: 2:30 pm Judge: JUDGE, CHAMBERS Location: Judge In Chambers, Room 4220 |
| 11/09/2007 | Motion for Preliminary Injunction Filed Attorney: PRO SE (999999) THERESA SMALL SMITH (PLAINTIFF); |
| 11/09/2007 | Motion for Temporary Restraining Order Filed Attorney: PRO SE (999999) THERESA SMALL SMITH (PLAINTIFF); |
| 11/09/2007 | Issue Date: 11/09/2007 Service: Summons Issued Method: Service Issued Cost Per: $ SHIMIZU, HOLLY H. U.S. BOTANICAL GARDENS 350 1st Street SW Washington, Tracking No: 5000038385 SMYTH, ELIZABETH Smith Castle 1100 Jefferson Drive Washington, Tracking No: 5000038386 FRASER, PRUDENCE City Capitol Brewery 2 Mass Avenue NE Washington, Tracking No: 5000038387 |
| 11/09/2007 | Order Granting Motion to Proceed In Forma Pauperis Signed by Judge Mencher on November 9, 2007 |
| 11/09/2007 | Motion to Proceed In Forma Pauperis Filed Attorney: PRO SE (999999) THERESA SMALL SMITH (PLAINTIFF); |
| 11/09/2007 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 02/15/2008 Time: 9:00 am Judge: ROSS, MAURICE Location: Courtroom B-52 Result: Scheduling Conference Hearing Continued |
| 11/09/2007 | Complaint for Real Property Filed |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

THERESA SMALL SMITH                )
2nd Street, N.W. #25               )
Washington, DC 20001               )
Plaintiff *Pro Se*                 )
                                   )          Civil Action No.: 07-02217 (PLF)
        v.                         )
                                   )
HOLLY H. SHIMIZU, Executive        )
Director, U.S. Botanical Gardens   )
350 1st Street, S.W.               )
Washington, DC, 20024,             )
                                   )
ELIZABETH SMYTH                    )
Smithsonian Institute              )
1100 Jefferson Drive, S.W.         )
Washington, DC 20560,              )
                                   )
and                                )
                                   )
PRUDENCE FRASER,                   )
City Capitol Brewery               )
2 Massachusetts Avenue, N.E.       )
Washington, DC, 20212              )
                                   )
        Defendants.                )
_____    )

## CERTIFICATION

I, Rudolph Contreras, Chief of the Civil Division, Office of the United States Attorney for

the District of Columbia, acting pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue

of the authority delegated to the United States Attorney by 28 C.F.R. § 15.4, and first

redelegated to me on March 20, 2006, hereby certify that I have read the complaint in <u>Theresa</u>

<u>Small Smith V. Holly H. Shimizu et al.</u>, Civil Action No. 07-02217 (PLF), and that on the basis

of the information now available to me with respect to the incidents alleged therein, I find that



Federal Defendant Holly H. Shimizu was acting within the scope of her employment as an employee of the United States at the time of the alleged incident.

February 22, 2008            _____/s/_____
                            RUDOLPH CONTRERAS, D.C. Bar No. 434122
                            Assistant United States Attorney
                            Chief, Civil Division

**Certificate of Service**

I certify I caused a copy of the foregoing Certification to be served by first class mail upon plaintiff at:

THERESA SMALL SMITH
2nd Street, N.W. #25
Washington, DC 20001

on this 22nd day of February, 2008.

_____/s/_____

ALEXANDER D. SHOAIBI
Assistant United States Attorney
555 4th St. NW, Room E-4218
Washington, D.C.  20530
(202) 514-7236
alexander.d.shoaibi@usdoj.gov

3

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 07-5002**                    **September Term, 2006**

06-cv-02001



**MANDATE**

Pursuant to the provisions of Fed. R. App. Pro.4 Filed On

ISSUED:

BY:

ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED    APR 2 7 2007

CLERK

Theresa Small Smith,
    Appellant

    v.

Linda Giney Gurvey, et al.,
    Appellees

FILED

JUL 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Ginsburg, Chief Judge, and Brown and Kavanaugh, Circuit Judges

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order filed November 22, 2006, be affirmed. The complaint contains factual allegations that are so implausible as to be "fantastic or delusional." Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Accordingly, the district court properly dismissed the case as frivolous.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

A True copy:
    United States Court of Appeals
    for the District of Columbia Circuit

By: _____  Deputy Clerk

GOVERNMENT
EXHIBIT
3

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT
____

**No. 07-5259**                    **September Term, 2007**

07cv01090

**Filed On: November 30, 2007**

[1083587]
Theresa Small Smith,
            Appellant

        v.

Ann Smyth, et al.,
            Appellees

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Sentelle, Randolph, and Brown, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed June 18, 2007, and October 15, 2007, be affirmed. The district court properly dismissed this action as frivolous. See 28 U.S.C. § 1915(e)(2)(B); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (court may dismiss a claim as frivolous if the facts alleged are "clearly baseless"). Moreover, the district court did not abuse its discretion in denying reconsideration of the dismissal of the case. See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

### Per Curiam



GOVERNMENT
EXHIBIT
4

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| **THERESA SMALL SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Civil Action No. 07-02217 (PLF)** |
| | ) |
| **HOLLY H. SHIMIZU,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

---

### <u>ORDER</u>

Upon consideration of Federal Defendants' motion to dismiss, the memorandum in support thereof, any opposition thereto, and the entire record of this case, it is hereby

ORDERED that the Federal Defendants' motion is GRANTED, and it is

FURTHER ORDERED that the action against Federal Defendants is dismissed with prejudice.


_____
UNITED STATES DISTRICT JUDGE


Dated this _____ day of _____, 2008.

Copies to:

Alexander D. Shoaibi
Assistant United States Attorney
Judiciary Center Building – Civil Division
555 Fourth Street, N.W. -- Room E-4218
Washington, D.C. 20530

Theresa Small Smith
425 2nd Street, N.W.
Washington, DC 20001

Prudence Fraser,
City Capitol Brewery
2 Massachusetts Avenue, N.E.
Washington, DC 20212