UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
THERESA SMALL SMITH,            )
                                )
            Plaintiff,          )
                                )
       v.                       )   Civil Action No. 07-2217 (PLF)
                                )
HOLLY H. SHIMIZU, *et al.*,     )
                                )
            Defendants.         )
_____)

MEMORANDUM OPINION

Plaintiff Theresa Small Smith filed this lawsuit in the Superior Court of the District of Columbia, alleging that she has been a victim of identity theft and that several properties in the District of Columbia have been taken from her and her family, including the United States Botanic Gardens at 350 1st Street S.W., the "Smith Castle at 1100 Jefferson Drive," and "the property at 2 Mass Ave, N.E." See Notice of Removal. Counsel for the federal defendants, including employees of the U.S. Botanic Gardens and the Smithsonian Institute, removed the case to this Court. See id. Plaintiff filed a "Motion Requesting Investigation under the Patrick Law of 2006." Counsel for the federal defendants filed a motion to dismiss, which also serves as an opposition to the Patrick Investigation motion. See Mot. Dism. at 1 n.1. Plaintiff filed a document captioned "Motion in Opposition to Defendant's Motion to Dismiss, Motion for Preliminary Injunction and Motion for Search Warrants." ("Opp.").

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Id. at 1965 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court stated that there was no "probability requirement at the pleading stage," Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965, but "something beyond . . . mere possibility . . . must be alleged[.]" Id. at 1966. The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," id. at 1965, or must be sufficient "to state a claim for relief that is plausible on its face." Id. at 1274. The Court referred to this newly-clarified standard as "the plausibility standard." Id. at 1968 (abandoning the "no set of facts" language from Conley v. Gibson).

While *pro se* complaints are held to a less stringent standard than complaints drafted by attorneys, see Erickson v. Pardus, 127 S. Ct. at 2200 ("A document filed *pro se* is to be liberally construed.") (internal quotations and citations omitted); Gray v. Poole, 275 F.3d

1113, 1116 (D.C. Cir. 2002), a *pro se* plaintiff's inferences "need not be accepted 'if such inferences are unsupported by the facts set out in the complaint.'" Caldwell v. District of Columbia, 901 F. Supp. 7, 10 (D.D.C. 1995) (quoting Henthorn v. Dept. of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994)). "'A *pro se* complaint, like any other, must state a claim upon which relief can be granted by the court.'" Id. (citing Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

> Counsel for the federal defendants summarizes plaintiff's claims as follows:
>
> Plaintiff *pro se*, Theresa Small Smith, sues Federal Defendants for theft of her identity, malicious disfigurement, malicious interference, separation of family and assets, and conspiracy. Complaint ¶ 1. Plaintiff asserts that she and her "children and relatives[sic] children" are the heirs to the property presently occupied by the U.S. Botanical Gardens and the Smithsonian Institution (respective Washington, D.C. addresses, 350 1st Street SW and 1100 Jefferson Drive S.W.). Plaintiff's Motion for Civil Damages and/or Vacate Property Order, Statement of Facts ("SOF") ¶¶ 3, 4, 6. She alleges that Federal Defendants have conspired to impoverish her family and are illegally occupying her family's residential property. Id. ¶¶ 1, 2. Plaintiff claims that since 2001, Federal Defendants have stolen her identity. Id. at ¶ 6. She alleges that her family members are "international entrepreneurs" and Federal Defendants are "using information to close down businesses, embezzle assets, etc. forcing Plaintiff and family members into poverty and separating families." Id. at ¶ 7.
>
> In sum, Plaintiff alleges that her civil and constitutional rights have been violated due to the alleged taking of real and personal property which she believes rightfully belongs to herself and her family. Therefore, the Complaint clearly implicates civil claims under the Federal Tort Claims Act. SOF at ¶¶ 1, 3, 4,6, & 7. Plaintiff seeks damages in the amount of three billion dollars ($3,000,000,000.00) or in the alternative, an order that the Federal Defendants vacate the property. Complaint ¶ 1.

Mot. Dism. at 2-3.

The federal defendants go on to note that Ms. Smith has filed two previous similar lawsuits, each of which was dismissed as frivolous by this Court. Each of those dismissals was affirmed on appeal by the United States Court of Appeals for the District of Columbia Circuit, which noted in one case that the "complaint contains factual allegations that are so implausible as to be 'fantastic or delusional.'" See April 27, 2007 Judgment (No. 07-5002), Exh. 3 to Mot. Dism. (citing Neitzke v. Williams, 490 U.S. 319, 327-28 (1989)); see also November 30, 2007 Judgment (No. 07-5259), Exh. 4 to Mot. Dism. (citing Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (court may dismiss a claim as frivolous if the facts alleged are "clearly baseless")).

The allegations in this case are "clearly baseless." Denton v. Hernandez, 504 U.S. at 32-33. In short, plaintiff does not "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1274; see also Best v. Kelly, 39 F.3d 328, 331 (D.C. Cir. 1994). Accordingly, the Court will grant the federal defendants' motion to dismiss.[1] An Order accompanying this Memorandum Opinion will be issued this same day.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: April 14, 2008

---

[1] Defendant Prudence Fraser of the Capitol City Brewing Company – a business located at 2 Massachusetts Avenue N.E. – has not appeared in this matter or filed a motion to dismiss. Because the Court is dismissing this lawsuit on the grounds that it is "clearly baseless," however, the Court is dismissing *sua sponte* the case in its entirety against all defendants, even those who have not appeared.